UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey L. Howard,                       Case No. 3:20-cv-1446

       Plaintiff,

v.                                  MEMORANDUM OPINION
                                      AND ORDER

Management & Training
Corporation, *et al.*,

       Defendants.

## I. INTRODUCTION

Defendants Management & Training Corporation ("MTC"), Lorri Shuler, R. Boden, Darrick Starcher, Douglas Smith, and Becky Joyce (collectively, "Defendants"), move to dismiss the complaint filed by *pro se* Plaintiff Jeffrey L. Howard for failing to state a claim for which relief may be granted. (Doc. No. 13). Howard filed a brief in opposition to Defendants' motion to dismiss. (Doc. No. 20).

Howard also has filed numerous other motions, including motions for (1) an indefinite extension of time to perfect service on two other named defendants, Sergeant Holycross and Joseph Thompson (Doc. No. 15); (2) leave to conduct limited discovery concerning the current employers and employment addresses of Holycross and Thompson, (Doc. No. 16); (3) waiver of service or for defense counsel to provide addresses for the two unserved defendants, (Doc. No. 17); (4) limited discovery of medical records, (Doc. No. 19); (5) preservation of evidence, (Doc. No. 23); (6) appointment of counsel, (Doc. No. 24); (7) production of documents, (Doc. No. 25), and (8) an

order prohibiting the institution from confiscating his legal mail. (Doc. No. 28). Defendants filed a brief in response to the first four motions, (Doc. No. 21), and filed a motion to strike Howard's most recent motion for production of documents, (Doc. No. 27), but have not responded to Howard's motions to preserve evidence, for counsel, or concerning his mail.

For the reasons stated below, I grant Defendants' motion to dismiss and deny Howard's motions and Defendants' motion to strike.

## II. BACKGROUND

Howard is incarcerated at the North Central Correctional Complex ("NCCC") in Marion, Ohio. NCCC is part of the Ohio Department of Rehabilitation and Correction but privately operated by MTC. He asserts 14 causes of action against MTC and the individual Defendants regarding alleged conduct dating back to January 2012:

(1) denial of access to courts (denial of paper grievance forms);

(2) denial of access to courts (denial of copies of grievance decisions and withdraw of funds from inmate account);

(3) denial of access to courts (civil conspiracy to destroy documents among Shuler, Starcher, Holycross, Thompson, Turner, and Boden);

(4) civil conspiracy (between Boden and Shuler to destroy legal documents, harass and retaliate against Howard, and deny him access to the courts);

(5) civil conspiracy (between Holycross and Shuler to destroy legal documents, harass and retaliate against Howard, and deny him access to the courts);

(6) civil conspiracy (between Thompson and Shuler to destroy legal documents, harass and retaliate against Howard, and deny him access to the courts);

(7) First Amendment retaliation claim (Shuler);

(8) civil conspiracy (between Jane Butler and Shuler to harass and retaliate against Howard);

(9) civil conspiracy (between Shuler and Smith to harass and retaliate against Howard);

(10) denial of access to courts (denial of copies of Chief Inspector's decisions);

>
> (11) negligent training and supervision of Shuler by MTC;
>
> (12) medical negligence (MTC);
>
> (13) deliberate indifference to medical needs (MTC);
>
> (14) deliberate indifference through acts of negligence and unconstitutional policies and customs, as well as failure to train employees.

(Doc. No. 1).

Defendants argue: (a) Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11 must be dismissed because they are barred by the doctrine of res judicata; (b) Count 12 must be dismissed because it is barred by the statute of limitations; and (c) Counts 8, 9, 13, and 14 must be dismissed because they do not state a claim upon which relief may be granted. (Doc. No. 13).

Howard does not dispute that he already has litigated several cases in state and federal court concerning many of the circumstances at issue in this case. He contends, however, that Defendants misled those courts by giving them "the impression that administrative remedies were available to Plaintiff [when] they were not." (Doc. No. 20 at 3). He argues he can bring his claims in this case because he was denied access to the courts. (*Id.* at 8-10).

Howard also asserts his civil conspiracy, (*id.* at 10-15), and deliberate indifference claims, (*id.* at 15-17), should not be dismissed. Lastly, Howard argues his medical claim (Count 12) should not be dismissed because it actually is a medical fraud claim, and not a medical negligence claim. (*Id.* at 18-19).

### III.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a

3

plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (citing *Twombly*, 550 U.S. at 596). The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Pro se filings are "'liberally construed' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## IV. ANALYSIS

### A. RES JUDICATA

A federal court must give a state-court judgment "the same preclusive effect as would be given [to] that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Federal court judgments on the merits of a plaintiff's federal-law claims also are entitled to preclusive effect in subsequent actions. *See Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981).

Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000) (citation,

quotation marks, and alteration omitted). The res judicata bar extends to all claims which might have been litigated in the first case, not merely those which actually were pled. *Id.*; *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995) (holding res judicata "applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action") (citation omitted) (emphasis removed).

Howard himself alleges he has raised the circumstances underlying Counts 1, 2, 3, 4, 5, 6, 10, and 11 in other cases. (Doc. No. 1-1 at 4-15, 20-23). Each of those three cases was dismissed with judgment entered in favor of the defendants. *See Howard v. Mgmt. & Training Corp.*, Case No. 3:17-cv-1180, 2018 WL 5830857 (N.D. Ohio Nov. 7, 2018) ("*Howard I*"); *State ex rel. Howard v. Turner*, 125 N.E.3d 875 (Ohio 2019) ("*Howard II*"); and *Howard v. Mgmt. & Training Corp.*, 2019-Ohio-4408, 2019 WL 5549541 (Ohio Ct. App. Oct. 28, 2019) ("*Howard III*").

While Howard does not expressly allege he previously raised the allegations underlying Count 7, that cause of action involves the alleged confiscation, destruction, or both, of his legal documents because those documents exceeded the space permitted by the policies of the Ohio Department of Rehabilitation and Correction. (Doc. No. 1-1 at 15-16). My colleague, United States District Judge Jack Zouhary, previously rejected Howard's assertion that the Defendants engaged in misconduct by seizing Howard's property which exceeded the permitted volume. (*Howard I*, Case No. 3:17-cv-1180, Doc. No. 65 at 4).

Howard's claims in Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11 were or could have been raised in *Howard* I, II, and III. Therefore, those claims are barred by the doctrine of res judicata. *Brown*, 730 N.E.2d at 962; *Nathan*, 651 F.2d at 1226.

Howard cannot avoid the applicability of the res judicata doctrine by claiming the dismissal of his claims in those earlier cases constitutes a denial of his constitutional right of access to the court. (*See* Doc. No. 20 at 8-10). An inmate's right to access the courts is not unlimited. Instead, that right protects the ability of inmates to "attack their sentences, directly or collaterally, and . . . to challenge the [constitutionality of the] conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Howard received a ruling on the merits of his First, Eighth, and Fourteenth Amendment claims. *See Howard I*, 2018 WL 5830857, at *3-5. His other cases involved state-law questions and were dismissed on state-law grounds. *See Howard II*, 125 N.E.3d at 875-76 (dismissing Howard's request for defendants "to return his inmate funds, to be prevented from reducing his account to zero, and to provide free grievance and disciplinary forms" due to Howard's failure to comply with Ohio Revised Code provision requiring him to provide a "copy of any written decision regarding [a] grievance from the grievance system"); *Howard III*, 2019 WL 5549541, at *2-3 (affirming dismissal of state-law claims due to Howard's failure to comply with the requirements of Ohio Revised Code § 2969.25 and 2969.26). Howard fails to state a plausible claim for denial of his right to access the courts or to show that such a claim is not also barred by the res judicata doctrine.

I grant Defendants' motion to dismiss Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11 as precluded by the doctrine of res judicata.

### B. FAILURE TO STATE A CLAIM

Defendants also argue I should dismiss Counts 8, 9, 12, 13, and 14 because Howard fails to state a plausible claim for relief. (Doc. No. 13 at 11-15).

#### 1. Counts 8 and 9

Howard offers two causes of action alleging Defendants conspired to violate his rights. In Count 8, Howard alleges Shuler, Joyce, and Smith, along with Jane Butler (an MTC employee who is

6

not named as a defendant in this case), "created a custom, practice and policy of retaliation against prisoners who assist other prisoners, and prisoners who write[] affidavits for other prisoners." (Doc. No. 1-1 at 18). In Count 9, Howard asserts Smith writes conduct reports against Howard pursuant to the custom and policy of retaliation and harassment. (*Id.* at 19-20).

A civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). "To successfully plead a § 1983 conspiracy, a plaintiff must allege facts sufficient to state a claim that '(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiff[ ] of [his] constitutional rights, and (3) an overt act was committed.'" *Robinson v. Amble*, No. 18-2176, 2019 WL 5152775, at *3 (6th Cir. July 17, 2019) (quoting *Revis*, 489 F.3d at 290) (alterations in original). A plaintiff asserting a § 1983 conspiracy claim must plead factual allegations "with some degree of specificity" and cannot rely on "vague and conclusory allegations unsupported by material facts." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Howard fails to state a conspiracy claim because he offers only conclusory allegations that Shuler, Joyce, Smith, and Butler shared a single plan to deprive him of his rights, and because he fails to identify any constitutional right of which he was deprived due to the Defendants' actions. (*See* Doc. No. 1-1 at 16-20). Howard repeatedly alleges Defendants wrote him conduct reports because he possessed affidavits from other inmates and prohibited inmate law clerks from doing legal work for Howard. He fails, however, to offer any basis to support the necessary conclusion that the affidavits or assistance were necessary to vindicate his right of access to the courts. *See, e.g., Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). I already have concluded Howard failed to plausibly allege he was denied access to the courts.

Moreover, while Howard claims Butler wrote him conduct reports "as a means to undermine [his] ability to [use] the grievance procedure," Howard does not offer any facts to

7

support this assertion. (Doc. No. 1-1 at 16-17). Nor does he allege Butler conspired with any named Defendant to impede his use of the grievance process.

Defendants are entitled to the dismissal of Howard's civil conspiracy claims because he offers only vague and conclusory allegations of an agreement and fails to allege Defendants deprived him of a constitutionally-protected right.

### 2. Count 12

In Count 12, Howard alleges Defendants fraudulently represented his blood work was within normal range and "repeatedly misrepresented that [he] was not suffering from any ailment, or any form of cancer in his testicles." (Doc. No. 1-1 at 24). He contends "[t]hese repeated acts of negligence caused [him] irreparable and lasting physical injury and harm," as he subsequently "had to have his right testicle surgically removed because of testicular cancer." (*Id.*).

Defendants assert Count 12 must be dismissed because Howard filed his complaint outside of the one-year limitations periods for medical malpractice claims provided by Ohio Revised Code § 2305.113(A). (Doc. No. 13 at 12). Howard argues his claim is not time-barred because he is asserting a medical fraud claim, not a medical malpractice claim. (Doc. No. 20 at 17-20).

In limited circumstance, Ohio recognizes a cause of action for fraud independent from a medical malpractice claim. *See Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d 709 (Ohio 1987). Such claims involve conduct which "'cannot be characterized as medical in nature'" and require that "[t]he alleged fraud [have] nothing to do with treating [the plaintiff]." *Prysock v. Ohio State Univ. Med. Ctr.*, 2002-Ohio-2811, 2002 WL 1164098, at *5 (Ohio Ct. App. June 4, 2002) (quoting *Gaines*, 514 N.E.2d at 713).

Howard's assertion that his claim actually sounds in fraud, rather than malpractice, falls short. The misconduct he alleges was medical in nature: (a) "Plaintiff complained [of testicular pain] . . . but was never taken seriously, disregarded, and never given the Alpha Feta Protein-AFP blood

8

test"; (b) he "was constantly told that his blood (LAB work) test[s] were within normal range"; (c) he was not given a "proper physical examination." (Doc. No. 20 at 18-20). These actions involved the acts or omissions concerning his medical treatment within the institution.

Howard fails to offer sufficient allegations to state a plausible fraud claim and his medical malpractice claim is barred by the statute of limitations. Therefore, I grant Defendants' motion to dismiss Count 12.

### 3. Counts 13 and 14

In Count 13, Howard alleges Defendants were deliberately indifferent to his serious medical needs because they did not provide his requested treatment for Hepatitis-C and refused to perform the Alpha Feta Protein-AFP test (which Howard asserts would have revealed his testicular cancer at an earlier point in time). (Doc. No. 1-1 at 26-27). In Count 14, he asserts MTC has "a policy and custom that ignored the statutory and Constitutional requirements[,] . . . put economic profit over preventative statutory directives[, and] . . . took a less effective approach to Plaintiff's serious medical condition." (*Id.* at 27-28).[1]

An inmate claiming prison officials violated the Eighth Amendment must show the officials acted with deliberate indifference to the inmate's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).

The first part of the deliberate indifference showing requires a prisoner demonstrate "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second part requires a showing that the defendant knew of and disregarded an

---

[1] Howard also alleges in Count 14 that MTC failed to adequately train its officers and failed to prevent Shuler from impeding his access to the courts. I already have concluded Howard fails to allege a plausible claim for the denial of access to courts. To the extent Howard seeks to allege a separate failure-to-train claim, his conclusory allegations are not sufficient to show any inadequacy in training or supervision was the result of MTC's deliberate indifference or that the allegedly inadequate training was "closely related to or actually caused" Howard's alleged injuries. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

9

excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 837).

Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Defendants argue Howard's deliberate indifference claims should be dismissed, in part because Howard does not "identify who, precisely, knew of his medical condition and denied treatment . . . [or] allege that any Defendants appreciated a risk to Plaintiff and still denied him medical treatment." (Doc. No. 13 at 14-15). Howard did not respond to Defendants' arguments on Counts 13 and 14. (*See* Doc. No. 20).

Howard fails to state a deliberate indifference claim as to any of the individual Defendants. The subjective component of an Eighth Amendment deliberate indifference claim "must be addressed for each officer individually." *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005). Howard does not offer any allegation regarding what Shuler, Boden, Starcher, Smith, or Joyce knew about his medical conditions, much less that they disregarded a substantial risk of serious harm to his health. *Bishop*, 636 F.3d at 766-67.

Nor does Howard state a claim against MTC. He has not alleged any individual MTC employee acted with deliberate indifference and, therefore, he cannot show that any MTC policy or custom caused the violation of his Eighth Amendment rights. *See, e.g., Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (dismissing claims against private prison corporation because

plaintiff failed to show an individual defendant's "deliberate indifference to the risk of harm to [plaintiff] . . . was undertaken pursuant to any policy or custom of CCA"); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's liability must . . . be premised on some policy that caused a deprivation of Starcher's Eighth Amendment rights.").

I conclude Howard fails to state a claim for deliberate indifference in violation of his Eighth Amendment rights and grant Defendants' motion to dismiss Counts 13 and 14.

### C. SECTION 1915

Section 1915 states that a court "shall" dismiss a case commenced in forma pauperis if the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Service has not been completed on Defendants Lt. Thompson and Sgt. Holycross. (*See* Doc. No. 11); (*see also* Doc. No. 13 at 2 n.1 (indicating Thompson and Holycross are not MTC employees)). In light of my conclusion that Howard fails to state a plausible claim for relief, I also dismiss his claims against Thompson and Holycross.

### D. LEGAL MAIL

Finally, Howard also has filed a document he titled "request to place litigation on active status and issue order prohibiting the confiscation of legal mail." (Doc. No. 28). He asserts he is "fearful of receiving notices from this Court, and from the defendants," because staff at the Mansfield Correctional Institution[2] confiscated a notice he received involving a different case pending before the Franklin County, Ohio Court of Common Pleas, after the institution determined an "unknown substance had been sprayed" on the last page of the notice. (*Id.* at 1-2); (*see also* Doc. No. 28-1). Howard claims this determination was baseless and the institution actually confiscated his mail because he had challenged the institution's decision to prohibit him from using single

---

2  During the pendency of this litigation, Howard was transferred to the Mansfield Correctional Institution, in Mansfield, Ohio. (*See* Doc. No. 26).

11

postage stamps he had purchased from commissary and from using self-made envelopes to send mail. (Doc. No. 28 at 2).

A prison may impose restrictions on an inmate's First Amendment right to receive mail so long as those restrictions "are 'reasonably related' to the prison's security needs or other 'legitimate penological objectives.'" *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (quoting *Turner v. Safley*, 482 U.S. 78, 87 (1987)).

The institution's legitimate penological objective in confiscating the Franklin County court's notice was the presence of an unknown substance on the last page. Howard does not contend the institution opened the court notice outside of his presence or prohibited him from reading the notice. *See Kensu v. Haigh*, 87 F.3d 172, 174-75 (6th Cir. 1996).

Further, he does not claim there was not actually an unknown substance sprayed on the last page of the document. Instead, he argues this was not the reason the institution confiscated the document, asserting instead that the letter was confiscated in retaliation for his challenges to the mail room's decision to prohibit his use of stamps and self-made envelopes. (Doc. No. 28 at 2). Moreover, while he claims this is the institution's "custom and practice," he offers no details other than a brief claim that another inmate also had legal mail and documents confiscated.

Howard's filing, however, appears more focused on raising complaints about the conduct of individuals who are not parties to this litigation. Even if I liberally construe his filing, he is not entitled to an order prohibiting the institution from confiscating mail which violates institutional rules. *See Knop*, 977 F.2d at 1012. The only other relief Howard seeks is that this Court "take care in handling the legal documents when sent to Plaintiff." (Doc. No. 28 at 3). I assure Plaintiff the employees of the Clerk of Court's office do their professional best with each document mailed to litigants appearing before this Court.

Therefore, I deny Howard's motion. (Doc. No. 28).

12

### V. CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss the claims asserted by Plaintiff Jeffrey Howard. (Doc. No. 13). I deny Howard's motion to issue an order prohibiting the confiscation of legal mail. (Doc. No. 28).

I also deny Howard's motions for an extension of time to perfect service, (Doc. No. 15), for discovery, (Doc. Nos. 16, 19, and 25), for waiver of service, (Doc. No. 17), for injunctive relief, (Doc. No. 23), and for appointment of counsel. (Doc. No. 24). Finally, I deny Defendants' motion to strike. (Doc. No. 27).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge