UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey L. Howard,                                        Case No. 3:20-cv-1446

            Plaintiff,

v.                                                 MEMORANDUM OPINION
                                                    AND ORDER

Management & Training
Corporation, *et al.*,

            Defendants.

## I. INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Jeffrey L. Howard has filed a Rule 59(e) motion to alter or amend the judgment entered against him, as well as a motion for relief from judgment under Rule 60(b)(3), (b)(6), and (d)(3). (Doc. Nos. 32 and 34). He also has filed a motion for leave to submit evidence, (Doc. No. 31), and a motion to hold in abeyance his deadline to appeal. (Doc. No. 35). Defendants Management & Training Corporation ("MTC"), Lorri Shuler, R. Boden, Darrick Starcher, Douglas Smith, and Becky Joyce (collectively, "Defendants"), have filed a brief in opposition to Howard's Rule 59 motion and his motion for leave, (Doc. No. 33), and a brief in opposition to Howard's Rule 60(b) motion. (Doc. No. 39).

Howard is incarcerated at the North Central Correctional Complex ("NCCC") in Marion, Ohio. NCCC is part of the Ohio Department of Rehabilitation and Correction but privately operated by MTC. He asserts 14 causes of action against MTC and the individual Defendants regarding alleged conduct dating back to January 2012. (Doc. No. 1).

Defendants filed a motion to dismiss Howard's claims. I granted the motion after concluding: Counts 1, 2, 3, 4, 5, 6, 7, 10, and 11 were precluded by the doctrine of res judicata; Counts 8 and 9 failed to state a claim for civil conspiracy; Count 12 failed to state a claim for medical fraud, and any medical negligence claim was barred by the statute of limitations; and, Counts 13 and 14 failed to state a claim for deliberate indifference in violation of Howard's Eighth Amendment rights. (Doc. No. 29 at 11).

In his Rule 59 motion, Howard argues he is entitled to relief to correct a clear legal error and to prevent manifest injustice. (Doc. No. 32 at 2). He sought leave to file exhibits in support of his Rule 59 motion at a later date because he did not have a copy card to make copies and submit them along with his Rule 59 motion. (Doc. No. 31). He subsequently submitted his exhibits, asserting the legal library had been closed on the dates he was scheduled to visit it. (Doc. No. 38).

In his Rule 60 motion, Howard moves for reconsideration of my July 27, 2021 opinion because, he claims, the defendants committed fraud upon the state courts. (Doc. No. 34 at 2). He also requests that his appeal be held in abeyance until his Rule 59 and Rule 60 motions have been decided. (Doc. No. 35). The Sixth Circuit already has given Howard notice that his appeal will be held in abeyance. (Doc. No. 37).

For the reasons stated below, I grant Howard's motion for leave to submit evidence later, deny as moot his motion to hold his appeal in abeyance, and deny Howard's Rule 59 and Rule 60 motions.

## II. STANDARD

Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening

change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

### IV. ANALYSIS

#### A. RULE 59(E)

Initially, I note Howard's Rule 59(e) motion is timely. I issued my Memorandum Opinion and Order on July 27, 2021, and a copy was mailed to Howard on the same day. (*See* non-document entry dated July 27, 2021). Howard's motion was due no later than 28 days after the entry of judgment, placing his filing deadline on August 24, 2021. A *pro se* prisoner's filing "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Howard represents he placed his motion in the prison mail system on August 20, 2021, (Doc. No. 32 at 14), and the mailing envelope is postmarked August 23, 2021. (Doc. No.

32-1). Thus, Howard filed his Rule 59(e) motion within the time period prescribed by the Federal Rules of Civil Procedure.

In his Rule 59(e) motion, Howard argues my application of the doctrine of res judicata was "overly broad" and will cause a manifest injustice if not corrected. (Doc. No. 32 at 2). He argues his claims are not barred by res judicata because "the Defendants constantly denied [him] the required notification of grievance-NoG-forms" and then used their failure to provide these forms to deny him access to the state courts. (*Id.* at 3). From here, Howard argues the Defendants committed "fraud upon the Court" by allegedly failing to disclose that they had denied Howard the grievance forms. (*Id.* at 4). Howard also lodges a variety of allegations of misconduct against a number of current and former staff members at NCCC; Howard already raised nearly all, if not all, of these allegations at earlier points in this case. (*See id.* at 6-14).

Howard's arguments fall short. He neglects to mention that the state courts were well aware of his allegations that the Defendants had refused to provide him with copies of the notification of grievance forms and were not persuaded by those allegations. One example in particular provides a sufficient basis for me to reject Howard's Rule 59(e) motion.

In February 2018, Howard filed a complaint for a writ of mandamus against Shuler, Boden, and Warden Neil Turner. The Third District Court of Appeals dismissed Howard's complaint, in part because Howard failed to comply with a state law requiring him to file an affidavit describing his efforts to use the institutional grievance system as well as copies of any written decisions he received on his grievances. *State ex rel. Howard v. Turner*, 125 N.E.3d 875, 876 (Ohio 2019). Howard appealed to the Supreme Court of Ohio, where he admitted he did not comply with state law, "but argue[d] that the statute's requirements should not apply to him, because he is unable to pay for copies of the required grievance decisions since he has no funds in his inmate account." *Id.*

4

Howard fails to acknowledge this admission to the Supreme Court of Ohio, instead accusing Boden of conspiring with other unnamed Defendants to reduce Howard's account balance to $0 and to allow him to incur debt. (Doc. No. 32 at 12). This instance plainly shows, however, that the state courts were aware of Howard's position and rejected his arguments. And it is apparent they did so not because the Defendants somehow misled them, but because Howard failed to persuade them.

Howard fails to show I committed a clear error of law or that manifest injustice would result if I do not grant his Rule 59(e) motion. Instead, he simply states his disagreement with my ruling and reiterates some of his earlier arguments. Therefore, I deny his Rule 59(e) motion.

**B.     RULE 60(B)**

In his Rule 60(b) motion, Howard again argues I erred in applying the doctrine of res judicata to bar his claims and that the Defendants "committed fraud upon the court." (Doc. No. 34 at 2). He seeks relief under Rule 60(b)(3) and (6), as well as Rule 60(d)(3).

Rule 60(b)(3) "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold*, 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *5 (6th Cir. Sept. 17, 1996) (unpublished)). Howard alleges the Defendants engaged in a wide variety of misconduct, both leading up to and during his earlier cases. (Doc. No. 34 at 2-7). But he does not identify any "deliberate act" the Defendants allegedly committed which adversely impacted the fairness of this litigation. That is, he fails to allege, much less show, that the Defendants engaged in fraud in the proceedings before me. Thus, he fails to meet his burden under Rule 60(b)(3).

Subsection (6) of Rule 60(b) provides for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This subsection applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry*

5

*& Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). Howard does not identify any such circumstances and, therefore, he is not entitled to relief under this subsection.

Finally, Howard also fails to show he is entitled to relief under Rule 60(d)(3). As I have concluded above, he fails to show any Defendant committed "fraud on the court." Fed. R. Civ. P. 60(d)(3).

## V. CONCLUSION

For the reasons stated above, I deny Howard's Rule 59 and Rule 60 motions. (Doc. Nos. 32 and 34). I grant his motion for leave to submit exhibits/evidence later. (Doc. No. 31). Finally, I deny as moot his motion to hold his appeal deadline in abeyance. (Doc. No. 35).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge